IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES ANTHONY STANLEY, #A0109772, | ) ) ) | CIVIL NO. 09-00468 JMS-KSC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| STATE OF HAWAII, et al, | ) ) ) | |
| Respondents. | ) ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY**
**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Before the court is *pro se* Petitioner Charles Anthony Stanley's Amended Petition for Writ of Habeas Corpus (Petition), brought pursuant to 28 U.S.C. § 2254.[1]  Respondent State of Hawaii (State or Respondent) has filed an Answer to the Petition, and Stanley has filed a Reply.  (Docs. #8 & #9.)  The Petition has been referred to this court pursuant to 28 U.S.C. § 636(b) and Rule LR72.5 of the Local Rules of Practice of the United States District Court for the District of Hawai'i.  The court FINDS that Stanley's Petition is without merit, and RECOMMENDS that it be DENIED with prejudice.

---

[1] Stanley is a Hawaii prisoner incarcerated at the Saguaro Correctional Facility, located in Eloy, Arizona.

## I. BACKGROUND

On October 6, 2004, a jury found Stanley guilty of Robbery in the Second Degree, in violation of Hawaii Revised Statutes § 708-841(1)(a).[2] (Resp't App. J.) On October 21, 2004, Stanley filed a Motion for Judgment of Acquittal/Dismissal and/or New Trial asserting, among other things, that the prosecution failed to introduce into evidence the bag that Stanley carried with him at the time of the alleged robbery. (Resp't App. H.) The Circuit Court of the First Circuit, State of Hawaii (circuit court) denied Stanley's motion and on February 24, 2005 entered its judgment convicting and sentencing Stanley for the robbery offense. (Resp't App. K.)

On February 25, 2005, Stanley directly appealed his conviction and sentence. (Resp't App. L.) He raised four points of error: the circuit court erred when it (1) denied Stanley's oral motion for judgment of acquittal on the basis that there was no evidence of force or imminent threat of force; (2) allowed a juror to remain on the jury who was briefly employed with one of

---

[2] The State charged that Stanley, while in the course of committing a theft from Sears Roebuck and Company (Sears or store) in Honolulu, Hawaii, used force against two Sears employees with the intent to overcome their physical resistance or physical power of resistance. Stanley admitted that he had shoplifted two pairs of jeans and a blouse, thus, it was undisputed that he committed the offense of theft. At issue at trial was whether, in the course of committing theft, Stanley used force, elevating a theft charge to robbery in the second degree.

the prosecution's witnesses at the store where the offense occurred; (3) denied his motion to dismiss due to a lack of probable cause; and (4) found that Stanley qualified as a repeat offender for purposes of sentencing. (Id.)

On October 24, 2006, the Intermediate Court of Appeals (ICA), State of Hawaii, affirmed. (Resp't App. N.) Stanley sought an application for writ of certiorari with the Hawaii Supreme Court. (Resp't App. P.) On April 10, 2007, the Hawaii Supreme Court summarily denied Stanley's application. (Resp't App. Q.)

On May 29, 2007, Stanley filed a Rule 40 petition for post-conviction relief in the circuit court.[3] (Resp't App. V.) Stanley sought relief based on five grounds: (1) his constitutional rights to a fair trial under the Sixth and Fourteenth Amendments were violated; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4) evidence used at trial was obtained pursuant to an unconstitutional search and seizure; and (5) the state criminalized an involuntary act. (Id.)

---

[3] Stanley previously filed a Rule 40 petition for post-conviction relief on October 13, 2005. (Resp't App. S.) That petition was denied by the circuit court for lack of jurisdiction on the basis that Stanley's direct appeal of his conviction and sentence was still pending. (Resp't App. U.) Stanley did not seek an appeal of that denial.

On September 27, 2007, the circuit court denied Stanley's Rule 40 petition. (Resp't App. Y.) The circuit court's findings and conclusions indicated that Stanley's grounds for relief were previously ruled upon or waived, under Rule 40(a)(3) of the Hawaii Rules of Penal Procedure, and were otherwise without merit.[4] (Id.) Stanley appealed the circuit court's denial.

On April 21, 2009, the ICA affirmed the denial of Stanley's Rule 40 petition. (Resp't App. CC.) The ICA concluded that Stanley's argument that the absence of the bag deprived him of a fair trial was extensively raised in post-verdict motions and that his failure to directly appeal that issue constituted a waiver under Rule 40(a)(3). (Id.) The ICA further concluded

---

[4] Rule 40(a)(3) provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Haw. R. Penal P. 40(a)(3).

that there was no prosecutorial misconduct, no ineffective assistance of trial counsel, no ineffective assistance of appellate counsel, and that Stanley's point of error regarding the legality of the search and seizure by the loss-prevention personnel was considered and ruled upon in his direct appeal and was thus also barred under Rule 40(a)(3).  (Id.)  Stanley filed an application for a writ of certiorari which was rejected by the Hawaii Supreme Court on July 20, 2009.  (Resp't App. EE.)

On October 19, 2009, Stanley filed the instant Petition claiming that the absence of the bag violated his constitutional right to a fair trial.  Stanley raises four grounds for relief: (1) denial of due process, right to a fair trial under the Sixth and Fourteenth Amendments; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) improper jury instructions.

## II.  LEGAL STANDARD

Stanley's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. Woodford v. Garceau, 538 U.S. 202, 204 (2003); Brown v. Farwell, 525 F.3d 787, 792 (9th Cir. 2008).  Under the AEDPA, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 402-04 (2000).

    The only definitive source of clearly established federal law under the AEDPA is the holdings (as opposed to the dicta) of the Supreme Court, as of the time of the state court decision.  Id. at 412.  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law (Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999)), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied.  Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

    "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Here, Stanley presented his claims in the appeal of the denial of his Rule 40 Petition.  The ICA rejected the claims with reasoned decisions, while the Hawaii Supreme Court denied review of his appeal without comment.  The court therefore reviews the opinions

by the ICA under the AEDPA standards.  See <u>Ylst</u>, 501 U.S. at 803; <u>Shackleford v. Hubbard</u>, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

### III.  DISCUSSION

Stanley was convicted of Robbery in the Second Degree for using physical resistance, or the threat thereof, during the course of committing a theft from Sears.  At trial, Stanley admitted to entering the store, placing several clothing items into a black leather bag and then exiting without paying for the merchandise.  When confronted outside of the store by store security personnel, the evidence presented by the prosecution indicated that Stanley, with the bag draped over his shoulder, drew up his fists in a combative manner against them.  Testimony from both prosecution witnesses and Stanley described the physical characteristics of the bag.[5]  The actual bag, however, was never placed into evidence at trial.

The gravamen of Stanley's instant request for habeas relief is that the absence of the bag deprived him of a fair trial.  Stanley contends that (1) the bag's absence prevented him from presenting a complete defense because its physical presence at trial would have bolstered his testimony that he could not have been in a combative stance when he was confronted by store security, (2) the prosecutor engaged in misconduct when he

---

[5] The bag was described as having a shoulder strap and being about "twenty inches long" and "pretty deep."  (Resp't App. E.)

reenacted Stanley's fighting stance during trial and his closing argument without the bag, (3) his trial counsel provided ineffective assistance for not introducing the bag into evidence, and (4) certain jury instructions related to the absence of the bag were erroneous.[6]

In its answer to the Petition, the State asserts that Stanley has failed to exhaust all available state remedies.  The State argues that Stanley did not fairly present his federal claims to the state court and that mere citations to a federal law or statute are not enough.  The State also asserts that Stanley procedurally defaulted his claims in state court.  The State argues that both the trial court and the ICA clearly expressed their decision that Stanley procedurally defaulted his claims pursuant to Rule 40 (a)(3).  Finally, the State asserts that Stanley's claims are in any event without merit.

Stanley's claim that the absence of the bag deprived him of a fair trial is "procedurally defaulted."  A petitioner is deemed to have procedurally defaulted his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  Coleman v. Thompson, 501 U.S. 722,

---

[6] Stanley cites (1) Jury Instruction No 3.12, which states that the prosecution is not required to admit into evidence all items related to an offense, and (2) the circuit court's response to the jury's request for the dimensions of the bag during its deliberation, instructing them to rely on their individual and collective memories of the evidence presented during trial.

8

731-32 (1991); Edwards v. Carpenter, 529 U.S. 446, 451 (2000). For a procedural bar to apply, the state procedural rule relied upon must be "independent and adequate." Coleman, 501 U.S. at 730. If state procedural rules preclude the state courts from hearing the claim prior to the filing of the federal petition, it is procedurally defaulted in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). There is no procedural default unless "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

Stanley's claim that the absence of the bag deprived him of a fair trial, was raised in his appeal of the circuit court's decision to the ICA. Relying upon Rule 40(a)(3), the ICA ruled that such claim was waived. See State v. Stanley, No. 28811, 120 Hawaii 385, 206 P.3d 471, 2009 WL 1098083 *8 unpub. (Haw. App., April 21, 2009). Rule 40(a)(3) provides that state prisoners are precluded from obtaining post-conviction relief on issues they have "knowingly and understandingly" waived by failing to raise before trial, at trial, on appeal, or by any other means, and there are no "extraordinary circumstances" justifying the failure to raise the issue. Haw. R. Penal P. 40(a)(3).

The Ninth Circuit has held that Rule 40(a)(3) is consistently applied and an adequate and independent state

procedural rule sufficient to support procedural default. Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003); see also Elizares v. Parker, No. 06-465 HG-LEK, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default), aff'd, No. 07-16491, 2009 WL 766506 (9th Cir. Mar. 24, 2009). The ICA clearly and expressly declared that its judgment rested on a state procedural bar by stating that "Stanley's argument that the absence of the bag deprived him of a fair trial was raised extensively by Stanley in various post-verdict motions, and Stanley's failure to appeal the issue constitutes a waiver of the issue." Stanley,2009 WL 1098083 at *8. (citing Haw. R. Penal P. 40(a)(3)). Consequently, Stanley's claim that the absence of the bag as evidence at trial deprived him of a fair trial was procedurally defaulted in the state court.

     When a state prisoner has procedurally defaulted his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Edwards, 529 U.S. at 451; see also Murray v. Carrier, 477 U.S. 478, 485 (1986); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488; McCleskey v. Zant, 499 U.S. 467, 493 (1991) (examples include government interference or reasonable unavailability of factual basis for claim).  An attorney error that results in a procedural default does not constitute cause unless it satisfies the standard for ineffective of counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Id.

If the petitioner has not demonstrated cause for procedural default, the federal court need not consider the issue of prejudice.  See Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).  To establish prejudice, the petitioner "bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989); U.S. v. Frady, 456 U.S. 152, 170 (1982).

Finally, a petitioner may overcome a procedural bar if he can demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice." Sawyer v. Whitley, 505 U.S. 333, 339 (1992).  In the federal habeas context, this "miscarriage of justice" exception is limited to

habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).  The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  Id. at 321.  It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him."  Id. at 329.

Stanley has not met his burden and demonstrated cause to excuse the procedural default of his claim.  Stanley first argues that the ICA's reliance on Rule 40(a)(3) is negated because it also addressed the merits of the absence of the bag claim.  That argument is wrong.  A state court is free to both rely on a procedural default and reach the merits of federal claim.  See Harris, 489 U.S. at 264.  Indeed, "the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."  Id. at 264 n.10.  Therefore, the ICA's decision to reach the merits of Stanley's claim did not negate, or otherwise diminish, its conclusion that Stanley also waived his claim under Rule 40(a)(3).

Stanley appears to also argue that even if his claim that the absence of the bag deprived him of a fair trial is procedurally defaulted, the cause for such default rests with his appellate counsel who failed to raise that claim in the direct appeal of his conviction and sentence. Stanley, however, fails to assert or otherwise show that there was an external impediment that might have prevented his appellate counsel from constructing or raising the absence of the bag claim in his direct appeal. Nor has Stanley asserted or shown that his appellate counsel's performance fell below the standard set forth in Strickland. Stanley therefore fails to demonstrate cause for the procedural default of the absence of the bag claim. Because Stanley has not shown cause, the court need not reach the issue of actual prejudice. See Smith v. Murray, 477 U.S. 528, 533 (1986).

Finally, Stanley fails to demonstrate that the failure to consider his absence of the bag claim will result in a fundamental miscarriage of justice. To assert this exception to the procedural default rule, a petitioner must show that a constitutional violation has "probably resulted" in the conviction when he was "actually innocent" of the offense. Murray, 477 U.S. at 496. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical

13

evidence-that was not presented at trial." Schlup, 513 U.S. at 324.

        Stanley presents no new evidence that would show that the absence of the bag probably resulted in his conviction when he was actually innocent of second degree robbery. Although the physical bag was never introduced into evidence at trial, Stanley described the bag in great detail during his testimony and it was consistent with the description provided for by the testimony of the prosecution witnesses. Moreover, both Stanley and the prosecution witnesses testified that the bag had a shoulder strap and that he draped it over his shoulder. Thus, even if the bag was introduced into evidence at trial, Stanley's contention that he could not have been in a fighting stance with raised fists because he was holding the bag (and that it was not draped over his shoulder) at the time he was confronted by the security personnel, simply goes to the question of whether the jury believed Stanley's testimony and does not present any new evidence that would likely establish his innocence. Accordingly, a fundamental miscarriage of justice would not result if the court declines to consider this Petition.

## IV. CONCLUSION

For the foregoing reasons, the court FINDS and RECOMMENDS that Stanley's Amended Petition for Writ of Habeas Corpus be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 27, 2010.



                                    Kevin S.C. Chang
                                    United States Magistrate Judge

*Stanley v. State of Hawaii*, CV No. 09-00468 JMS-KSC \pro se attys\Habeas\PWM\Stanley 09-468 (dsms proced dflt)