IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES ANTHONY STANLEY, #A0109772 | ) ) ) | CIV. NO. 09-00468 JMS/KSC |
| Petitioner, | ) ) ) | ORDER: (1) ADOPTING AND MODIFYING THE FINDINGS AND RECOMMENDATION TO DENY |
| vs. | ) ) ) | AMENDED PETITION FOR WRIT OF HABEAS CORPUS; |
| STATE OF HAWAII, et al., | ) ) | (2) DISMISSING PETITION; AND (3) DENYING A CERTIFICATE OF |
| Respondents. | ) ) | APPEALABILITY |
| _____ | ) | |

## ORDER: (1) ADOPTING AND MODIFYING THE FINDINGS AND RECOMMENDATION TO DENY AMENDED PETITION FOR WRIT OF HABEAS CORPUS; (2) DISMISSING PETITION; AND (3) DENYING A CERTIFICATE OF APPEALABILITY

On October 19, 2009, Petitioner Charles Anthony Stanley ("Stanley"), a Hawaii prisoner incarcerated at the Saguaro Correctional Facility located in Eloy, Arizona, filed an Amended Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 stemming from his Hawaii state conviction for Robbery in the Second Degree in violation of Hawaii Revised Statute ("HRS") § 708-841(1)(a). The basis of this conviction is that Stanley placed three items from Sears & Roebuck Ala Moana into a black messenger bag, and when he was confronted by loss prevention agents, Stanley took on a fighting stance and a scuffle ensued.

Stanley raises four grounds for relief pursuant to § 2254, including: (1) he was denied due process when the bag was not placed into evidence during his trial; (2) he was denied due process and equal protection when the prosecutor improperly demonstrated Stanley's alleged fighting stance without the bag during closing arguments; (3) his counsel was ineffective by failing to place the bag in evidence at trial; and (4) he was denied due process when the court denied the jury's request for a definite description of the bag during deliberations and the jury instructions improperly intruded upon the fact finding process.  On January 27, 2010, Magistrate Judge Kevin S.C. Chang entered his Findings and Recommendation to Deny Amended Petition for Writ of Habeas Corpus (the "January 27 F&R").  Based on the following, the court ADOPTS and MODIFIES the January 27 F&R, DISMISSES the Petition, and DENIES a Certificate of Appealability ("COA").

## I.  BACKGROUND

On October 4, 2002, a jury trial against Stanley commenced on the charge of Robbery in the Second Degree.  On October 5, 2004, counsel for Stanley moved for acquittal based on lack of evidence, which the court denied.  Resp't App. L, at Ex. B, Oct. 5, 2005 Trial Tr. at 133.  On October 6, 2004, a jury found Stanley guilty of Robbery in the Second Degree.  *Id.* App. J at 2 ¶ 3.

On October 21, 2004, Stanley filed a Motion for Judgment of Acquittal/Dismissal and/or New Trial, alleging, among other things, prosecutorial misconduct on the basis that the State failed to introduce the bag into evidence and that the bag was exculpatory evidence as shown by the fact that during deliberations the jury asked about its dimensions. *Id.* App. H. The Circuit Court for the First Circuit, State of Hawaii ("Circuit Court") denied the Motion as untimely, and also denied Stanley's subsequent Motion to Reconsider. *Id.* App. I, J. On February 24, 2005, the Circuit Court sentenced Stanley to ten years imprisonment with a mandatory term of three years and four months as a repeat offender. *Id.* App. K.

Stanley appealed, arguing that the Circuit Court erred in (1) denying Stanley's October 5, 2004 Motion to Acquit; (2) allowing a juror to remain who had worked at Sears with one of the witnesses; (3) denying Stanley's Motion to Dismiss arguing lack of probable cause; and (4) finding that Stanley qualified as a repeat offender subject to a mandatory minimum. *Id.* App. L at 11-12. On October 24, 2006, the Intermediate Court of Appeals ("ICA") issued a summary disposition affirming the Circuit Court's judgment. *Id.* App. N. Stanley subsequently filed a motion for reconsideration, arguing, among other things, that the failure to admit the bag into evidence was error. Pet'r Obj. App. 7. The ICA denied Stanley's

3

motion for reconsideration.  Resp't App. O.  Further, on April 10, 2007, the Hawaii Supreme Court rejected Stanley's application for writ of certiori, *id.* App. Q, and subsequently denied Stanley's motion for reconsideration.  *Id.* App. R.

While his appeal to the ICA was pending, Stanley filed a petition for post-conviction relief pursuant to Hawaii Rule of Penal Procedure 40 ("Rule 40") on October 13, 2005.  *Id.* App. S.  This first Rule 40 Petition was denied on February 3, 2006 because Stanley's direct appeal was not final.  *Id.* App. U.

On May 29, 2007, Stanley filed a second Rule 40 petition, arguing: (1) his constitutional rights were violated when the bag was not introduced into evidence; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4) illegal search and seizure; and (5) criminalization of an involuntary act.  *Id.* App. V.  On September 27, 2007, the Circuit Court denied the second Rule 40 petition, citing Rule 40(a)(3), which provides that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."  *Id.* App. Y at Conclusions of Law ¶ 2.  Addressing the substance of Stanley's claims, the Circuit Court further found Stanley's arguments patently frivolous and devoid of merit. *Id.* ¶¶ 4-9.

On October 23, 2007, Stanley appealed the September 27, 2007

4

Decision.  On April 21, 2009, the ICA issued a memorandum opinion finding that Stanley's failure to appeal his claim that the absence of the bag deprived him of a fair trial was waived pursuant to Rule 40(a)(3).  *Id.* App. CC at 13.  The ICA further found that Stanley's other arguments lacked merit.  *Id.* at 13-18.  On June 20, 2009, the Hawaii Supreme Court rejected Stanley's application of writ of certiori.  *Id.* App. EE.

Stanley filed with this court his Petition for Writ of Habeas Corpus on October 5, 2009, and his Amended Petition on October 19, 2009.  On December 1, 2009, the State of Hawaii filed its Answer, and Stanley filed a Reply on December 14, 2009.  On January 27, 2010, Magistrate Judge Chang issued the January 27 F&R.

On February 12, 2010, Stanley filed his Objections to the January 27 F&R.  On March 10, 2010, the State of Hawaii filed is Response, and Stanley filed a Reply on April 5, 2010.

## II.  STANDARDS OF REVIEW

### A.    Review of Findings and Recommendations

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980);

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)

("[T]he district judge must review the magistrate judge's findings and

recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United*

*States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not

hold a de novo hearing; however, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614,

616 (9th Cir. 1989).

**B.    28 U.S.C. § 2254**

A petitioner is not entitled to relief under 28 U.S.C. § 2254 unless he

can show that the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established law under § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from . . . precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Although the source of clearly-established federal law is limited to Supreme Court cases, circuit law may be considered to determine whether a particular application is unreasonable or whether the law is "clearly established."  *See Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

A state court's decision is an "unreasonable application" of clearly established federal law under § 2254(d)(1) if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  In order to constitute an "unreasonable application" under § 2254(d)(1), the state court decision must be more than just incorrect or erroneous.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The state court's application of federal law must be "objectively unreasonable."

*Id.*

A federal court may also grant a habeas petition if a state court's decision is based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Review of a state court's factual findings is highly deferential; the findings should be reversed only if "any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). A federal court cannot second-guess a state court's factual determinations unless it finds that the state court was not only wrong, but was objectively unreasonable. *Id*. at 999.

## III. <u>DISCUSSION</u>

### A.    **Substance of the Petition**

The January 27 F&R found that each of the arguments raised in Stanley's Petition -- *i.e.*, that (1) he was denied due process when the bag was not placed into evidence at trial; (2) he was denied due process and equal protection when the prosecutor improperly demonstrated Stanley's alleged fighting stance without the bag during closing arguments; (3) his counsel was ineffective by failing to place the bag in evidence at trial; and (4) he was denied due process when the court denied the jury's request for a definite description of the bag during

deliberations -- were all directed to his overall contention that the absence of the bag at trial deprived him of a fair trial.  January 27 F&R at 7.  The January 27 F&R further found that Stanley procedurally defaulted on this issue such that his Petition should be denied with prejudice.  *Id.* at 8-14.

Stanley objects, arguing that he did not procedurally default his claims because he raised them in his motion for reconsideration before the ICA on his direct appeal, and that his Petition otherwise has merit.  The court addresses each of Stanley's arguments in turn.

### 1.    *Failure to Place the Bag Into Evidence*

The January 27 F&R found that Petitioner had procedurally defaulted his claim that he was denied due process when the bag was not placed into evidence.  Based on a de novo review, the court agrees.

#### a.    *Framework*

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted in state court every claim raised in his petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the

9

court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004);
*see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

The court "will not review a question of federal law decided by a state
court if the decision of that court rests on a state law ground that is independent of
the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at
729. Particularly relevant to this action, a claim may be procedurally defaulted in
federal court if it was actually raised in state court but found by that court to be
defaulted on state procedural grounds. *Id.* at 729-30. Where the petitioner has
procedurally defaulted:

> federal habeas review of the claims is barred unless the
> prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal
> law, or demonstrate that failure to consider the claims
> will result in a fundamental miscarriage of justice.

*Id*. at 750.

Cause is defined as a "legitimate excuse for the default," *Thomas v.
Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991), and requires a petitioner to show that
"some objective factor external to the defense impeded counsel's efforts to comply
with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
Prejudice is defined as "actual harm resulting from the alleged constitutional
violation," and need not be addressed if a petitioner fails to show cause. *Thomas*,

945 F.2d at 1123, 1123 n.10.  Further, to implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence [which is shown where] a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

> b.   *Application*

In his second Rule 40 motion, Stanley argued, among other things, that his constitutional rights were violated when the bag was not introduced into evidence at trial.  *See* Resp't App. V.  Relying on Hawaii Rule of Penal Procedure ("HRPP") 40(a)(3),[1] the ICA ruled that Stanley waived this argument, explaining that:

---

[1] HRPP 40(a)(3) provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.  Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

> Stanley's argument that the absence of the bag deprived him of a fair trial was raised extensively by Stanley in various post-verdict motions, and Stanley's failure to appeal the issue constitutes a waiver of the issue.  HRPP 40(a)(3).

Resp't App. CC at 13.

The Ninth Circuit has held that HRPP 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default.  *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003); *see also Elizares v. Parker*, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default).  Accordingly, because the ICA clearly and expressly declared that its judgment rested on the procedural bar set forth in HRPP 40(a)(3), Petitioner procedurally defaulted this argument in the state court.

In opposition, Stanley argues that he did not procedurally default this argument because he raised it in his motion for reconsideration of the ICA's affirmance of the Circuit Court's judgment.  *See* Stanley Obj. 1-2.  That Stanley may have raised this argument in a motion for reconsideration before the ICA only further highlights his waiver.  Stanley raised the issue of the bag in his October 21, 2004 Motion for Judgment of Acquittal/Dismissal and/or New Trial, *see id.* App.

H, which was denied as untimely.[2]  *See id.* App. I, J.  Stanley did not appeal this October 21, 2004 Motion to the ICA, *see id.* App. L at 11-12, and only raised the issue of the bag before the ICA in his motion for reconsideration.  Pet'r Obj. App. 7.  Given that Stanley failed to timely raise the issue of the bag before the Circuit Court and then failed to raise it before the ICA until his motion for reconsideration, Stanley effectively waived this argument and the ICA properly summarily denied the motion.  *See id.* App. O.  Accordingly, the court finds that Stanley procedurally defaulted this argument.

As for whether Stanley demonstrated cause and prejudice for the default and/or that a fundamental miscarriage of justice will occur if the court fails to consider the Petition, Stanley largely rehashes his arguments before Magistrate Judge Chang, and the court agrees with the January 27 F&R's determinations.  As cogently explained by the January 27 F&R, the fact that the ICA relied on both Rule 40 and addressed the merits of Stanley's claims does not negate its determination that Stanley waived his claim under HRPP 40(a)(3).  *See* January 27

---

[2]  Stanley argues that the Circuit Court erred in finding this motion untimely because he mailed it within the ten-day window.  *See* Stanley Obj. Reply 7-8.  Stanley ignores, however, that he was represented by counsel at this time (who also did not timely file a motion for reconsideration), and even if timely, the Circuit Court found that the motion did not raise any meritorious arguments.  *See* Resp't App. I at 9.

Stanley further argues that he did not receive the Circuit Court's order denying the motion for reconsideration, *see* Stanley Pet'n Br. at 5, but such fact does not affect the court's analysis that Stanley procedurally defaulted this claim.

F&R at 12.  Further, that his counsel failed to properly raise this claim on direct appeal is not a basis for cause because Stanley can point to no "objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. at 488.  Finally, Stanley fails to show that the court's failure to consider this claim will result in a fundamental miscarriage of justice -- there is no new reliable evidence that was not presented at trial showing his innocence.  *See Schlup*, 513 U.S. at 324.  As explained by the January 27 F&R, there was adequate testimony presented at trial describing the bag and even if it were admitted into evidence, whether Stanley adopted a fighting stance turns on a credibility determination, as opposed to admission of the bag itself.  January 27 F&R at 14.

In sum, the court finds that Stanley procedurally defaulted this claim and DENIES Stanley habeas relief on this claim.

### 2.    *Prosecutorial Misconduct*

Stanley argues that he was denied due process and equal protection when the prosecutor improperly demonstrated Stanley's alleged fighting stance without the bag during closing arguments.  The court agrees with the January 27 F&R's determination that this specific argument is part and parcel of Stanley's general argument that he was denied due process when the bag was not admitted

into evidence.  Indeed, Stanley could not argue that the prosecutor committed this error if the bag had been admitted into evidence.  Accordingly, the court agrees with the January 27 F&R's determination that this argument is procedurally defaulted.

Further, even if Stanley's argument was not procedurally defaulted, the court finds that it lacks merit.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  In determining an assertion of prosecutorial misconduct on a writ of habeas corpus, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned[, t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citations and internal quotations omitted).  "In other words, [] the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness." *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005).

The prosecutor's demonstration was a fair interpretation of the evidence presented.  Sears' loss prevention agent, Jennifer Genck, testified that Stanley had a black messenger bag over his shoulder and nothing in his hands as he

exited the store.  Resp't App. B at 29-30.  Genck further testified that when

confronted, Stanley put himself in a boxer stance, squared off with Scott Goodwin,

another loss prevent agent, and raised his hands in closed fists to mid-chest.  *Id.* at

33-35.  Goodwin similarly testified that Stanley had a leather sports bag with a

single sash going over his left shoulder, *id.* App. C at 80, and when confronted,

Stanley turned around, drew up his fists as if to fight, and took a fighting stance.

*Id.* at 85-87.  Finally, Stanley also described the bag a black shoulder bag at trial as

about twenty inches long and weighing approximately ten pounds.  *Id.* App. E at

142-43.  Given this testimony, the court finds that prosecutor's remarks were not

improper, and in any event did not infect the trial with unfairness sufficient to raise

even the possibility of a constitutional violation.  The court therefore DENIES

Stanley habeas relief on this claim.

### 3.    *Ineffective Assistance of Counsel*

Stanley argues that his counsel was ineffective by failing to place the

bag in evidence.  The court agrees with the January 27 F&R's determination that

this specific argument is basically a rewording of Stanley's first argument that he

was denied due process when the bag was not admitted into evidence.  Regardless

of who failed to place the bag into evidence, Stanley waived this argument by

failing to properly raise it in state court.  Accordingly, the court agrees with the

January 27 F&R's determination that this argument is procedurally defaulted.

Further, even if the ineffective assistance of counsel argument could be construed as separate from his first argument, the court finds that it lacks merit. The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding. *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997). A petitioner demonstrates ineffective assistance of counsel by showing that: (1) his counsel's performance was objectively deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Stanley has not carried his burden of showing that he was provided ineffective assistance of counsel. As explained above, there was ample evidence describing the bag such that his counsel's failure to admit the bag was not objectively deficient. Further, given the testimony provided, the court finds that Stanley has not carried his burden of showing that the admission of the bag would have resulted in a different result. While it is Stanley's testimony that he did not take a fighting stance, there was ample testimony to the contrary. Stanley has failed to show that the admission of the bag would have affected the jury's

17

credibility determination.  The court therefore DENIES Stanley's request for habeas relief on this issue.

### 4.     *Jury Instructions*

Stanley argues that he was denied due process when the court denied the jury's request for a definite description of the bag during deliberations.  The court agrees with the January 27 F&R's determination that this specific argument is simply a part of his argument that he was denied due process when the bag was not admitted into evidence.  Indeed, the ICA addressed the propriety of the jury instructions within its discussion of why the failure to place the bag into evidence was not an error.  *See* Resp't App. CC at 13.  Accordingly, the court agrees with the January 27 F&R's determination that this argument is procedurally defaulted.

Further, even if the court addresses the substance of this argument, it lacks merit.  In determining an assertion of improper jury instruction on a writ of habeas corpus, the only question before the court is "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  "[T]he instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record."  *Id.* (quoting *Cupp v. Naughten*, 414 U.S., 141, 147 (1973)).

18

As explained above, the bag was described through the testimony of the witnesses.  As such, the Circuit Court's instruction to the jury to rely on its recollection of the evidence did not result in a violation of due process.  The court therefore DENIES Stanley's Petition for habeas relief on this issue.[3]

## B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability ("COA") may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If the court denies a habeas petition on procedural grounds without reaching the merits of the claim, a COA may issue only if the petitioner shows that: (1) reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right[;]" and (2) reasonable jurists would find

---

[3]  Stanley also requests an evidentiary hearing on all claims in the Petition on the basis that there is no procedural bar and the state court failed to hold an evidentiary hearing such that the facts relevant to Stanley's claims are not fully developed.  The court rejects this request.

An evidentiary hearing is only mandated under certain circumstances specified in 28 U.S.C. § 2254(e)(2), none of which applies here.  *See also Schad v. Ryan*, 595 F.3d 907, 922 (9th Cir. 2010).  Stanley was given a full opportunity to develop the record before the state court and because his claims lack merit as discussed above, Stanley has not shown that an evidentiary hearing would result in clear and convincing evidence that he is entitled to habeas relief.  The court therefore DENIES Stanley's request for an evidentiary hearing.

it "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Both showings are required before a COA will be issued.  *Lambright v. Stewart*, 220 F.3d 1022, 1026-27 (9th Cir. 2000).

 The court carefully reviewed whether Stanley waived any of the issues in his Petition and whether his claims otherwise have merit.  Given the clear guidance by both the Supreme Court and Ninth Circuit, the court finds that reasonable jurists would not find that the court's procedural ruling was debatable.  Further, Stanley has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is DENIED.  *See* 28 U.S.C. § 2253(c)(2).

## IV.  CONCLUSION

 Based on the above, the court DISMISSES the Petition with prejudice and DENIES a COA.

 IT IS SO ORDERED.

 DATED:  Honolulu, Hawaii, April 15, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Stanley v. State of Hawaii et al.*, Civ. No. 09-00468 JMS/KSC, Order: (1) Adopting and Modifying the Findings and Recommendation to Deny Amended Petition for Writ of Habeas Corpus; (2) Dismissing Petition; and (3) Denying a Certificate of Appealability